GEO. C. BECKWITH CO., Appellant v. ROOT, Respondent.

(234 N. W. 28.)

(File No. 6893. Opinion filed January 3, 1931.)

*B. B. McClaskey,* of Huron, for Appellant.

*T. H. Null,* of Huron, for Respondent.

POLLEY, J. This action was brought to recover a balance on account due from defendant to plaintiff. Defendant does not deny the indebtedness, but pleaded a counterclaim in which he asks judgment for a sum much larger than the amount claimed to be due from defendant to plaintiff.

Plaintiff is, and for ten years prior to the commencement of this action had been, a wholesale dealer in and distributor of Victor phonographs, records, and other accessories, with headquarters at Minneapolis. For many years prior to the commencement of this action defendant had been engaged in distributing and selling Victor products at retail in Huron, S. D.

During the year 1925 such improvements and changes were made in Victor phonographs that it was anticipated that when the improved machines were put upon the market there would be no further demand or sale for the machines then on hand. Plaintiff advised defendant of this situation and recommended to him that he reduce the price of the old machines, of which he than had several on hand, to such an extent that they could all be disposed of before the new machines were put on the market.

Defendant alleges in his answer that the plaintiff promised and agreed with defendant that, if "defendant would dispose of the models which he then had on hand at such reduced price, the plaintiff would supply this defendant with the new model Victrola. That this defendant, relying on plaintiff's said representations and promises, did proceed to sell said Victrolas then on hand at fifty per cent of the orginal price. That defendant then had on hand about ten Victrolas, which this defendant sold at fifty per cent of the original price thereof. That in so selling said ten Victrolas at fifty per cent of the original price, this defendant suffered a loss of $700.00."

Defendant further alleges that, relying upon such representations, he then proceeded to extensively advertise the new model Victrolas and requested plaintiff to ship samples of the same to him, but that the plaintiff in violation of the said representations

and promises failed to ship said Victrolas to the defendant, but entered into a contract with another firm in the city of Huron for the sale and distribution of the new Victrolas and canceled the orders given plaintiff by this defendant, and that by so doing he was prevented from making the profit he would have made on said Victrolas to his damage in the sum of $700.

The case was tried to the court without a jury. Findings of fact and conclusions of law were in favor of the defendant to the extent of $200 and entered judgment for the plaintiff for the amount claimed in its complaint less said sum of $200. From this judgment, plaintiff appeals.

We fail to find evidence in the record sufficient to support that portion of the judgment that is favorable to the defendant. It is true that the plaintiff did advise the defendant to dispose of his old model machines before the new model was placed on the market, but there is no evidence to prove any contract, either express or implied, whereby the plaintiff agreed to sell the new machines to the defendant. The evidence shows that the reason why the plaintiff changed representatives at Huron was because the defendant was not as active in the sale and distribution of Victor products as they though he should be, and for the further reason that he was so far in arrears in his account with plaintiff that they no longer considered him a credit proposition.

The judgment appealed from is reversed, and the cause will be remanded to the trial court with directions to enter judgment for the amount asked for in plaintiff's complaint and for costs.

CAMPBELL and BURCH, JJ., concur.

SHERWOOD, J., not sitting.

BROWN, P. J. (dissenting). I think the evidence justifies the finding of the court that plaintiff accepted orders from defendant for three machines for which defendant had purchasers, and that plaintiff without sufficient cause canceled those orders and refused to send the machines, whereby defendant sustained the loss of $181.20 in commissions or profit that he would have made had the machines been furnished. I think there is sufficient evidence to sustain the court's finding on the counterclaim to the extent of $181.20.